IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

QUAYSHAWN M. DAVIDSON,

Petitioner,

v.                                                            CRIMINAL NO. 2:18-cr-177 (10)

UNITED STATES OF AMERICA,

Respondent.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Quayshawn M. Davidson's ("Petitioner") Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Compassion. Release, ECF No. 598 ("Pet'r's Mot."). The Government opposed the motion and Petitioner did not reply. Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 602 ("Resp. Opp."). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

### I.   FACTUAL AND PROCEDURAL HISTORY

On March 6, 2019, Petitioner was charged in an eight-count Superseding Indictment. Sup'g Indict., ECF No. 141 ("Indictment"). On May 24, 2019, Petitioner pled guilty to Count One, Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a), Count Two, Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) and 2, and Count Three, Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 of the Superseding Indictment. *See* Plea Agreement, ECF No. 207; Order Acc'g Plea of Guilty, ECF No. 209.

According to the Presentence Investigation Report, on September 25, 2018, Petitioner and his co-conspirators robbed a Food Lion grocery store at gun point. Present. Investig. Rep., ECF No. 307 at ¶ 15. ("PSR"). On October 4, 2018, law enforcement agents executed a search warrant

1

on Petitioner's home. *Id.* Officers recovered a loaded black semiautomatic .45 caliber firearm. *Id.*

The PSR assessed Petitioner with a total offense level of 19 and a criminal history category of II. *Id.* at ¶¶ 76-77. On September 19, 2019, this Court sentenced Petitioner to 24 months' imprisonment for Counts One and Two to run concurrently, and 84 months' imprisonment on Count Three to be served consecutively to Count One. J. of Pet'r, ECF No. 238. Petitioner is currently incarcerated at FCI Berlin with a projected release date of December 7, 2026.[1] As of the date of this opinion, Petitioner will be released in approximately forty-three months and has served more than half of his sentence. *Id.*

On March 1, 2021, Petitioner filed his first *pro se* motion for compassionate release. ECF No. 509. On April 30, 2021, Petitioner filed a motion through counsel. ECF No. 542. On May 14, 2021, the Government responded in opposition. ECF No. 547. Petitioner replied on May 19,2021. ECF No. 551. Petitioner requested compassionate release because of the ongoing COVID-19 pandemic. ECF Nos. 509, 542. At age 24, Petitioner argued that his underlying condition placed him at serious risk for severe illness due to COVID-19, which presents extraordinary and compelling reasons to warrant his release. *Id.* The Court denied Petitioner's First Compassionate Release Motion on May 27, 2021. Order, ECF No. 553.

On April 5, 2022, Petitioner submitted a Request for Compassionate Release to the Warden of FCI Berlin. Resp. Opp. at 4. On May 10, 2022, the Warden denied Petitioner's request. *Id.* Accordingly, on October 31, 2022, Petitioner filed his second *pro se* motion for compassionate release. Letter Mot. Compassion. Release, ECF No. 592. On December 21, 2022, Petitioner filed the second motion through counsel. Pet'r Mot. On January 9, 2023, the Government responded in opposition. Resp. Opp.

---

[1] *See* Federal Bureau of Prisons, "Find An Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited June 13, 2023) (listing Petitioner's release date as December 7, 2026).

Petitioner alleges that his rhabdomyolysis and the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. Pet'r's Mot. Accordingly, Petitioner requests that the Court grant him compassionate release. *Id.*

## II.   LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-

jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether

Case 2:18-cr-00177-RAJ-LRL   Document 627   Filed 06/14/23   Page 5 of 7 PageID# 5712

[petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III.   DISCUSSION

### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. On April 5, 2022, Petitioner submitted a Request for Compassionate Release to the Warden of FCI Berlin. *Id.* at 4. On May 10, 2022, the Warden denied Petitioner's request. *Id.* On October 31, 2022, Petitioner filed his second *pro se* motion for compassionate release. Letter Mot. Compassion. Release. On December 21, 2022, Petitioner filed the motion through counsel. Pet'r's Mot. Thus, more than 30 days passed since Petitioner filed his request.

### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of his rhabdomyolysis and whether the 18 U.S.C. § 3553(a) factors support compassionate release. In relation to Petitioner's first compassionate release motion, the Court found that "since Petitioner [had] been formally diagnosed with rhabdomyolysis, he [had] received guidance to prevent triggering symptoms and medical treatment." Order, at 7.

5

The Court further found that the § 3553(a) factors did not weigh in favor of Petitioner's compassionate release. *Id.* at 8. In assessing the appropriate factors, the Court found that while in prison, Petitioner had "not demonstrated evidence of rehabilitation." *Id.* The Court also found that "Petitioner's release plan is not supportive of his release." *Id.* at 9. Overall, the Court found "that the § 3553(a) factors [did] not weigh in Petitioner's favor and his release would not promote the respect for law or provide adequate deterrence." *Id.* at 10.

Now, with the instant Compassionate Release Motion, Petitioner does not allege that his condition has worsened or explain how his health conditions place him at high risk of serious complications from rhabdomyolysis. Pet'r's Mot. According to medical records provided by the Bureau of Prisons, Petitioner has not been hospitalized since March 2021. *See* Resp. Opp. Ex. 1. Petitioner has not made a showing that his condition has worsened or is being poorly managed. Accordingly, Petitioner's rhabdomyolysis does not provide an extraordinary and compelling reason for release.

Further, the § 3553(a) factors still do not weigh in favor of Petitioner's compassionate release. The seriousness of Petitioner's underlying offense remains unchanged. As part of the robbery, Petitioner entered the store, pointed a firearm at two employees and a customer, and stole approximately $4,880 from the grocery store. PRS at ¶ 15. To Petitioner's credit, he has taken advantage of the programs provided by the Bureau of Prisons by obtaining his Servsafe Food Handler Certificate and completing a drug education program. Pet'r's Mot. at 4. Further, Petitioner has had no institutional infractions in the last 6 months. *Id.* However, as noted by sister courts, a "defendant's rehabilitation alone proves insufficient to warrant a sentence reduction." *See United States v. Woolridge,* No. 3:09CR156 (DJN), 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021); *see also United States v. Ahmad,* No. 1:11-cr-554-TSE, ECF No. 75 (E.D. Va. Apr. 8, 2021) (finding

that the defendant's coursework did not support compassionate release, reasoning that "[i]t is not uncommon for a defendant to take educational classes to pass the time in prison").

Petitioner revised his release plan. Now Petitioner has arranged to live with his grandmother in Virginia, Beach. Pet'r's Mot. at 4. While Petitioner argues that he will be safer in the community and articulates a release plan, the plan does not adequately protect the public or protect against recidivism.

Overall, the Court finds that the § 3553(a) factors still do not weigh in Petitioner's favor and his release would not promote the respect for law or provide adequate deterrence. Critically, Petitioner did not show extraordinary or compelling reasons for release. Therefore, Petitioner does not qualify for compassionate release.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 598, is **DENIED.** Furthermore, Petitioner's *pro se* Motion for Compassionate Release, ECF No. 592, is **MOOT**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
June 14, 2023

_____
Raymond A. Jackson
United States District Judge

7