IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

QUAYSHAWN M. DAVIDSON,

    Petitioner,

    v.                                      CRIMINAL ACTION NO. 2:18-cr-177(10)

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Quayshawn Davidson's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 725 ("Pet'r's Mot."). The Government opposed the motion. ECF No. 737 ("Resp. Opp'n"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DISMISSED WITHOUT PREJUDICE.**

    **I.    FACTUAL AND PROCEDURAL HISTORY**

On March 6, 2019, Petitioner and his co-defendants were named in an Eight-Count Superseding Indictment charging Petitioner with Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. 1951(a) (Count One), Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. 1951(a) and 2 (Count Two), and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and 2 (Count Three). ECF No. 141. On May 24, 2019, Petitioner pled guilty to the Counts One through Three of the Superseding Indictment. ECF Nos. 205, 207, 208. According to his Presentencing Report ("PSR"), on September 25, 2018, Petitioner and about nine other co-defendants conspired to rob a grocery store at gun point. ECF No. 513 ¶15. As part of the conspiracy, Petitioner and his co-defendants

1

used at least a seven-member team, which comprised of conspirators who served as inside and outside lookouts, getaway drivers, and two masked gunmen. *Id.* Petitioner brandished and pointed a firearm at two employees and a customer, forced them to get on the ground, and stole approximately $4,880 from the grocery store. *Id.* As a result of the robberies, the store employees suffered psychological problems, and some were unable to return to work on the night shift and sought mental health counseling. *Id.* ¶ 21. In his PSR, while Petitioner reported no history of psychological treatment or history of any serious or chronic medical conditions, he reported that his appendix was removed at age 20 which has resulted in some stomach problems. *Id.* ¶¶ 59-61. In all, Petitioner was assessed a total offense level of 19, a criminal history category II, and a recommended guideline provision of 33-41 months imprisonment plus 84 months consecutive for Count Three. *Id.* ¶¶ 76-77. On November 15, 2016, the Court imposed a sentence of Twenty-Four (24) months imprisonment on Counts One and Two, to be served concurrently, and Eighty-Four (84) months imprisonment on Count Three to be served consecutively with Count One, followed by five years of supervised release. ECF Nos. 281, 283. Petitioner is currently incarcerated at FCI Loretto with a projected release date of January 30, 2027. ECF No. 725 at 2.

On February 14, 2025, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 712. On April 25, 2025, Petitioner filed the motion through counsel ECF No. 725. On June 3, 2025, the Government responded in opposition. ECF No. 737.

Petitioner requests a sentence reduction based on the ongoing health risks posed by Covid-19. Pet'r's Mot. at 4-5. Petitioner argues that his underlying health conditions increase his risk of death or serious complications and constitute an extraordinary and compelling reason for a sentence reduction. *Id.* at 5. Notably, recent statistics published by FCI Loretto indicate that there are three open COVID-19 cases and one COVID-19 related death. *Id.* at 4 (citing Federal Bureau

of Prisons, *Inmate COVID-19 Data* (last accessed April 25, 2025), https://www.bop.gov). Accordingly, Petitioner requests that the Court grant him compassionate release and allow him to begin his period of supervised release.

## II. LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule,

and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### III. DISCUSSION

The Court finds that it lacks the authority to rule on Petitioner's Motion because Petitioner has not satisfied the threshold requirement. Here, Petitioner alleges that he submitted a request for compassionate release to the warden on January 6, 2025. ECF Nos. 712 at 3, 712-4. Petitioner further alleges that his request was denied on February 5, 2025. ECF No. 712 at 3. However, the Petitioner has not attached a letter confirming denial and the Government argues that the BOP has no record of Petitioner's current request for compassionate release. Resp. Opp'n at 6. The Government alleges that, according to BOP records, the Petitioner has not submitted a request for compassionate release since April 5, 2022. *Id.* The warden denied that request on May 10, 2022, and this Court later denied the motion for compassionate release on June 14, 2023. ECF Nos. 592-2, 627. Thus, Petitioner has failed to provide documentation to show that he has met the threshold requirement. *See Muhammed*, 16 F.4th at 129 (discussing threshold requirement which "plainly requires [the defendant] to complete certain steps before filing his motion in the district court….").

Accordingly, Petitioner must provide proof from the BOP that he submitted a request for compassionate release at least 30 days before filing for relief in the U.S. District Court. *See United States v. Wilson*, No. 21-7061, 2021 WL 6116837, at *1 (4th Cir. Dec. 27, 2021) (finding the defendant failed to provide "objective evidence to establish his satisfaction of the statutory threshold requirement."). The Court finds no reason to waive the exhaustion requirements since Petitioner had, and still has, ample time to properly comply with § 3582(c)(1)(A). *See United States v. Marshall*, 2020 U.S. App. LEXIS 36134 at *5 (4th Cir. 2020) ("The requirements outlined in § 3582 (c)(1)(A) are mandatory, non-jurisdictional claim-processing rules that must be

4

followed."); *see also Muhammed*, 16 F.4th at 131. Therefore, the Court does not have the authority to consider Petitioner's compassionate release request because he has not exhausted his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE**. ECF No. 725. Petitioner may renew his request for compassionate release once he exhausts his administrative remedies.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
September 26, 2025

/s/
Raymond A. Jackson
United States District Judge